# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00113-NYW

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. JON M. HALLFORD,

 Defendant.

---

**GOVERNMENT'S RESPONSE AND OBJECTION TO PRESENTENCE REPORT FOR DEFENDANT JON HALLFORD (ECF No. 64)**

---

The United States of America hereby files this Response and Objection to Presentence Report for Defendant Jon Hallford (ECF No. 64).

The Government agrees with the final sentencing recommendation contained within the Presentence Report ("PSR"), Exhibit A, R-1, that the appropriate sentence in this matter is 180 months (15 years) imprisonment. As reflected within the parties' plea agreement, PSR ¶¶ 2, 3, the Government intends to seek an upward departure and/or variance from the applicable guidelines in support of such a sentence.

The Government objects and responds to the PSR's: (1) loss amount calculation, (2) calculation of restitution, and (3) consideration of a state civil judgment.

*(1) Loss Amount Should Not Include Interest*

The PSR calculates the total loss amount from the offense conduct as

1

$1,200,354.08, resulting in a +14 increase under U.S.S.G. § 2B1.1(b)(1)(H) (more than $550,000 but less than $1,500,000). PSR ¶ 84. The Government agrees with +14 increase but disagrees with the amount and submits that the loss amount in this case should be no more than $1,080,818.56.

That total includes the undisputed $189,371 related to the fraud involving the Return to Nature Funeral Home. PSR ¶ 74.

But the PSR also includes prejudgment interest to reach a loss amount from the EIDL fraud of $1,010,983.08. PSR ¶ 84. Specifically, the PSR included "accrued interest" of $119,535.52. Under U.S.S.G. § 2B1.1, app. note 3(D)(i), however, loss should not include "interest of any kind." Thus, none of this interest should be included in the loss amount for purposes of § 2B1.1. *See generally United States v. Dadyan*, 76 F.4th 955, 960 (9th Cir. 2023) (distinguishing between restitution, which "can include prejudgment interest," and loss amount, which cannot).

Similarly, the PSR includes an additional $15,000 in EIDL loan advances as part of the loss figure. PSR ¶ 69. The Government did not seek these loan advances as part of the plea agreement and thus, it does not seek to include such advances as part of the loss amount now. Excluding the $119,535.52 in accrued interest and $15,000 in loan advances, the total amount of loss to the SBA would be $ 876,447.56 per the Government's calculations. Even if the $15,000 is included, it does not affect the +14 increase for loss amount since the total amount remains more than $550,000 but less than $1,500,000. § 2B1.1(b)(1)(H). ($189,371 for funeral home case + $876,447.56 for

2

EIDL fraud + $15,000 for EIDL advances = **total loss of $ 1,080,818.56**).

*(2) – The Government May Supplement the Restitution Amount*

The PSR calculates the restitution owed to the victims of Return to Nature Funeral Home as $189,371. PSR ¶ 74. The Government agrees that this is the minimum amount owed to such victims. But restitution may also include additional expenses, of the type described in the various victims' claims submitted to the Probation Office.

For example, many of the victims' claims include travel costs to meet with investigators or prosecutors. *See, e.g.*, PSR, Ex. B, at 33. Reimbursement of such "transportation" expenses "incurred during participation in the investigation or prosecution of the offense" is proper under the Mandatory Victims Restitution Act (MVRA). *See* 18 U.S.C. § 3663A. Other victims' claims may not be compensable under the MVRA, such as certain payments to third parties after the date of the victim's loss. Because of the complexity involved in tabulating and verifying such restitution figures for the numerous victims, the Government anticipates that it will supplement restitution totals in advance of sentencing. If such losses "are not ascertainable by the date that is 10 days prior to" the sentencing hearing, the Government may request a hearing within 90 days following the sentencing hearing to determine the full amount of restitution owed to each of the victims. 18 U.S.C. § 3664(d)(5)[1]. The Government will continue to

---

[1] To be clear, the Government maintains that the "loss amount" for purposes of the § 2B1.1 calculation on the Return to Nature Funeral Home is $189,371 and does not

3

exercise due diligence in tabulating final restitution figures and will make a decision in the coming weeks whether it will request additional time post-sentencing for a separate restitution determination.

The PSR also calculates a higher amount of restitution amount owed to the SBA ($1,010,983.08) than in the plea agreement. PSR ¶ 77. Similar to the loss amount noted above, because the Government agreed within the plea agreement to a lesser amount of restitution for the SBA, the Government will stand by the lesser amount and limit its request to **$876,447.56**[2] in restitution for the SBA.

The PSR also includes $15,000 in EIDL advance payments and $119,535.52 in accrued interest as part of restitution. PSR ¶¶ 68, 69, 77. Because the Government did not seek these losses as part of the plea agreement, however, it does not request such funds as part of restitution.

Nevertheless, the Government agrees with the Probation Office that accrued interest may properly be sought under the law as part of restitution. Although the MVRA is silent about whether restitution may include prejudgment interest, the Tenth Circuit has held that "lenders are entitled to interest as a component of restitution." *United*

---

anticipate that this figure will change before sentencing.

[2] The parties originally agreed within the plea agreement that the total amount owed to the SBA was $882,300. PSR ¶ 44. Because the Hallfords made some small repayments towards their EIDL loan, the principal balance now stands at the slightly lower amount of $876,447.56. *See* PSR ¶ 68. As a result, the Government now seeks restitution for the SBA for $876,447.56 which represents the remaining principal balance owing on the EIDL loan.

4

*States v. Arnold*, 701 Fed. Appx. 702, 706 (10th Cir. 2017); *see also United States v. Patty*, 992 F.2d 1045, 1049-50 (10th Cir. 1993) ("Prejudgment interest reflects the victim's loss due to his inability to use the money for a productive purpose, and is therefore necessary to make the victim whole."). As a result, should the Court determine that accrued interest should be included within its restitution order, it may properly include such amount under the law.

*(3) A Related Civil Judgment against Hallford Homes Does Not Affect Restitution*

The PSR notes that a civil judgment in the amount of $7,716,220 was entered against Hallford Homes, LLC in a state civil action and that there may also be other ongoing civil cases against the Hallfords. PSR ¶ 76. As further noted in the PSR, under 18 U.S.C. § 3664(j)(2), "p[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount *later recovered as compensatory damages for the same loss to the victim* in -- (B) any State civil proceeding to the extent provided by the law of the State." *Id.* (emphasis added). This statute is designed to prevent victims from making a double recovery.

But it is inapplicable here. Although a civil judgment has entered against Hallford Homes, LLC in a related state proceeding, there is no indication that the plaintiffs (presumably some of the victims in this case) have "recovered" any funds. Until recovery (i.e. collection) has occurred related to the civil judgment, the above statute is not triggered. Further, even if a collection were to occur, it still must be determined under § 3664(j)(2) whether the recovery is to a "victim in the current case" and shown

5

that the "recovery" was for "compensatory damages for the same loss by the victim." *Id.* Only after all of these statutory hurdles are cleared may the Court offset a valid restitution judgment in a federal criminal case with a state civil judgment. *See United States v. Nelson*, 106 F.4th 719, 724-25 (8th Cir. 2024) (offset of restitution order in criminal case not required where defendant failed to show that the victims had received any funds under the terms of a settlement in a related civil case); *United States v. Louper-Morris*, 672 F.3d 539, 566 (8th Cir. 2012) (rejecting defendant's request for an offset where defendant failed to show that the victim had received any payments in satisfaction of a civil judgment related to the federal criminal case).

      Until sufficient evidence is presented to the Court that victims have successfully made a "later recovery for compensatory damages for the same loss by the victim" in a

//

//

//

//

//

state civil proceeding, the Court needs to take no action on this issue.

Respectfully submitted this 13th day of February, 2025.

J. Bishop Grewell
Acting United States Attorney

By: *s/ Tim Neff*
Tim Neff
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Tim.Neff@usdoj.gov
Attorney for the Government

By: *s/ Craig G. Fansler*
Craig G. Fansler
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Craig.Fansler2@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

      I certify that on this 13th day of February, 2025, I electronically filed the foregoing **GOVERNMENT'S RESPONSE AND OBJECTION TO PRESENTENCE REPORT FOR DEFENDANT JON HALLFORD (ECF No. 64)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

                                  By:   *s/Ilmira Allazova*
                                             Legal Administrative Specialist
                                             United States Attorney's Office