IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cr-00113-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     **JON M. HALLFORD**,

        Defendants.

---

## OBJECTION TO FINDINGS CONCERNING PLEA AGREEMENT

---

Jon M. Hallford, through his attorney, Laura H. Suelau, objects to the Court's finding that the Plea Agreement, Doc. 52, is "not in the public interest."

### I.     Relevant Procedural Background

On October 24, 2024, Mr. Hallford entered a plea of guilt pursuant to a Plea Agreement. Docs. 51-53. That Plea Agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C). The parties acknowledged that, were the Court to accept the plea agreement, the Court would be required to enter a sentence between 78 months (the bottom of the estimated applicable guideline range) and 15 years (180 months). Doc. 52. The initial and final presentence reports filed in this case found the applicable guidelines range is 78 to 97 months but recommended a sentence of 180 months. Docs. 64-1, 73-1.

On February 24, 2025, this Court Ordered, *sua sponte*, a Status Conference for March 4, 2025. Docs. 79 and 80. In that Order, the Court indicated that it intends to reject the proposed Plea Agreement and ordered Mr. Hallford to "be prepared to either withdraw from the Plea Agreement or proceed pursuant to Rule 11(c)(1)(B)." *Id.* and Docs. 49 and 52. The Court explained that, having

considered the Plea Agreement, the Presentence Investigation Report, Mr. Hallford's Objections to that Report, and "the entire docket," the Plea Agreement "is not in the public interest."

**II. The Court's finding that Mr. Hallford's plea agreement is not in the "public interest," is inconsistent with applicable sentencing law.**

Mr. Hallford objects to this Court's finding that the plea agreement is "not in the public interest." Such a finding, at this time, is inconsistent with prosecutorial independence, inconsistent with the 18 U.S.C. § 3553(a) analysis this Court must undertake, and violates Mr. Hallford's right to assistance of counsel at sentencing.

**a. This Court must allow the government to state their basis for the plea agreement.**

Federal Rule of Criminal Procedure 11(c)(1)(C) allows the government and a defendant to agree to a specific sentence range and, if accepted by the court, the court is bound to impose a sentence within the agreed upon range. Rule 11(c)(1)(A) allows the United States not to bring, or move to dismiss, other charges. Fed. R. Crim. P. 11(c)(1)(A). Because "sentencing is within the exclusive purview of the district court," a court has "a wide range of discretion to either accept or reject sentence bargains, as contemplated by Rule 11(c)(1)(B) and (C)." *United States v. Macias-Gonzalez*, 219 F. App'x 814, 817 (10th Cir. 2007). The Federal Rules, the Tenth Circuit, and the Supreme Court all give courts discretion to accept or reject a plea agreement. *See United States v. Robertson,* 45 F.3d 1423, 1427 (10th Cir. 1995). However, that discretion is not unfettered and is bound by "sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Neither statute nor case law define "sound judicial discretion," nor provide specific criteria to apply in making such decisions. ("While Rule 11 vests district courts with the discretion to accept or reject plea agreements, the rule does not define the criteria to be applied in doing so"). *Robertson*, 45 F.3d at 1437. Nonetheless, discretion to reject an agreement "is not without limit and varies depending on the content of such a bargain." *Id.* Therefore, "in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence," courts

considered the Plea Agreement, the Presentence Investigation Report, Mr. Hallford's Objections to that Report, and "the entire docket," the Plea Agreement "is not in the public interest."

**II. The Court's finding that Mr. Hallford's plea agreement is not in the "public interest," is inconsistent with applicable sentencing law.**

Mr. Hallford objects to this Court's finding that the plea agreement is "not in the public interest." Such a finding, at this time, is inconsistent with prosecutorial independence, inconsistent with the 18 U.S.C. § 3553(a) analysis this Court must undertake, and violates Mr. Hallford's right to assistance of counsel at sentencing.

**a. This Court must allow the government to state their basis for the plea agreement.**

Federal Rule of Criminal Procedure 11(c)(1)(C) allows the government and a defendant to agree to a specific sentence range and, if accepted by the court, the court is bound to impose a sentence within the agreed upon range. Rule 11(c)(1)(A) allows the United States not to bring, or move to dismiss, other charges. Fed. R. Crim. P. 11(c)(1)(A). Because "sentencing is within the exclusive purview of the district court," a court has "a wide range of discretion to either accept or reject sentence bargains, as contemplated by Rule 11(c)(1)(B) and (C)." *United States v. Macias-Gonzalez*, 219 F. App'x 814, 817 (10th Cir. 2007). The Federal Rules, the Tenth Circuit, and the Supreme Court all give courts discretion to accept or reject a plea agreement. *See United States v. Robertson,* 45 F.3d 1423, 1427 (10th Cir. 1995). However, that discretion is not unfettered and is bound by "sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Neither statute nor case law define "sound judicial discretion," nor provide specific criteria to apply in making such decisions. ("While Rule 11 vests district courts with the discretion to accept or reject plea agreements, the rule does not define the criteria to be applied in doing so"). *Robertson*, 45 F.3d at 1437. Nonetheless, discretion to reject an agreement "is not without limit and varies depending on the content of such a bargain." *Id.* Therefore, "in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence," courts

must set forth, on the record, "the prosecution's reasons for framing the bargain and the court's justification for rejecting it." *Id.* at 1438; *see also United States v. Lovasco,* 431 U.S. 783, 793-94 (1977)(discussing deference to prosecutorial discretion in initiating charges, allocating resources, etc.).

Here, the Court's Minute Order, without additional justification, or proffer by the government, is insufficient justification for the Court's rejection of the plea agreement. Without inquiring about the government's reasoning for framing the plea agreement, this Court cannot properly determine whether the agreement should be rejected.

### b. This Court has made a finding as to Mr. Hallford's sentence without considering all the 18 U.S.C. § 3553(a) factors.

Implicit in the Court's Order is that a sentence between 78 and 180 months is not appropriate. More likely, this Court finds a sentence less than 180 months not sufficient and is *less* than necessary to effectuate the sentencing directives of 18 U.S.C. § 3553(a). However, such a finding, without the consideration of all the § 3553(a) factors, and without the benefit of evidence and argument by the parties, may lead to the imposition of a substantively unreasonable sentence. *See United States v. Crosby,* 119 F.4th 1239, 1249 (10th Cir. 2024)("the district court did not discuss several of the § 3553(a) factors…that failure…compels the conclusion that the sentence is not substantively reasonable.").

Again, although it is within a court's power to reject an agreement that hampers its sentencing discretion, that discretion must comply with 18 U.S.C. § 3553(a). In determining what sentence to impose, a court "shall consider":

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
[…]
(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Importantly, courts must analyze *each* of the § 3553(a) factors, and the Tenth Circuit has repeatedly "cautioned against excessive reliance on a single factor in sentencing." *United States v. Cookson*, 922 F.3d 1079, 1093 (10th Cir. 2019). Without explanation from a court on the weight afforded to each 18 U.S.C. § 3553(a) factor, a sentence is considered substantively unreasonable. *Id.* at 1094.

As a matter of process, a sentencing judge "begins by considering the presentence report and its interpretation of the Guidelines." *Rita v. United States*, 551 U.S. 338, 351 (2007). When determining whether the Guidelines should (or should not) apply, perhaps because the Guidelines do not properly reflect the other § 3553(a) considerations, the sentencing court must "subject[] the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure." *Id.* at 351. Therefore, while *Rita* allows that "[a] presumption that a Guidelines sentence is reasonable does not *require* the sentencing judge to impose that sentence…[or] *prohibit* the sentencing judge from imposing a sentence higher than the Guidelines provide for the jury-determined facts standing alone," a court can only do so after hearing from the parties.

Here, because the contemplated 11(c)(1)(C) plea agreement includes the applicable guideline range (78 to 97 months) *and* allows for a sentence as much as 102 months *above* the applicable range, the rejection of that agreement signals that the Court finds the guidelines insufficient. However, "public interest" is not a 3553(a) factor and not an appropriate basis for fashioning a sentence. Therefore, the Court has essentially made a finding that a sentence of 180 months is required without consideration and "careful analysis" of the 18 U.S.C. § 3553(a) factors. Nor can that analysis be properly undertaken at this point. Neither Mr. Hallford nor the government have submitted to this Court evidence or argument on those factors.

### c. The Court's finding deprives Mr. Hallford of the assistance of counsel at sentencing.

Sentencing, like all aspects of a criminal case, is an adversarial process. Because of the adversarial nature of sentencing, "the right to counsel…applies at critical stages in the sentencing phase of a criminal prosecution." *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993); *see also Mempa v. Rhay,* 389 U.S. 128 ("[our precedent] illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing."). Recognizing the same, Rule 32(i)(4)(A)(i) requires the court to provide the attorney for a defendant an opportunity to speak on the defendant's behalf. Unlike the attorney for a defendant and the government, "the probation officer has no adversarial role in the sentencing proceedings," and instead *should* be "a neutral information gatherer" for the court. *Gordon,* 4 F.3d at 1571.

Here, Mr. Hallford's right to assistance of counsel, and the adversarial process, has been shortcut by the Court's reliance on the presentence report and the probation officer's advocacy for a variant sentence. While counsel filed objections to the presentence report, that filing was not intended to, nor did it, address the relevant 18 U.S.C. § 3553(a) factors, nor advocate for the appropriate sentence in this cause. The Court's finding, without consideration of counsel's advocacy on Mr. Hallford's behalf, deprives him of assistance of counsel at the critical sentencing stage.

For the forgoing reasons, Mr. Hallford objects to the Court's finding that the proposed Plea Agreement, Doc. 52, is not in the interest of justice. Such a conclusion cannot be reached at this time.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Craig Fansler, Assistant United States Attorney
Email: craig.fansler2@usdoj.gov

Tim Neff, Assistant United States Attorney
Email: tim.neff@usdoj.gov

Robert C. Melihercik
Email: chaz@meliherciklaw.com
Attorney for Carie Hallford

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Jon M. Hallford (via U.S. Mail)

                                    s/ Laura H. Suelau
                                    LAURA H. SUELAU
                                    Assistant Federal Public Defender
                                    633 17th Street, Suite 1000
                                    Denver, CO 80202
                                    Telephone: (303) 294-7002
                                    FAX: (303) 294-1192
                                    laura_suelau@fd.org
                                    Attorney for Defendant Jon Hallford