IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00113-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JON M. HALLFORD,

    Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION PURSUANT TO 18 U.S.C. § 3664(d)(5) REQUESTING A SEPARATE HEARING FOR DETERMINATION OF VICTIMS' RESTITUTION AMOUNTS**

---

    The United States of America requests pursuant to 18 U.S.C. § 3664(d)(5) the setting of a separate hearing for calculating victims' restitution amounts. In support of this request, the Government states the following:

    1.    The sentencing hearing for defendant Jon Hallford is presently scheduled for March 20, 2025.

    2.    Under 18 U.S.C. § 3664(d)(5), "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

3. Despite the diligence of the Government and U.S. Probation Office, the victims' losses will not be ascertainable prior to sentencing. This case involves approximately 200 identified victims and numerous others impacted by the offense conduct. Over the past several months, the Government and the U.S. Probation Office have been actively collecting, and attempting to collect, restitution information from victims. Although the Government has made diligent efforts (along with the U.S. Probation Office) to collect victim's restitution claims and any supporting documentation, some victims have not yet responded. As a result, these victims may still have outstanding restitution claims which have yet to be submitted and reviewed. In addition, victims have submitted claims for various items such as travel, counseling and reburial expenses which need closer analysis and tabulation.

4. Thus, the Government requests that the Court set a separate restitution hearing within 90 days after the sentencing hearing to determine the victim's actual losses. Delaying the restitution hearing will not cause any delay of the actual sentencing date currently set for March 20, 2025, as the Government will still be prepared to address the loss amount from the offense conduct for purposes of calculating the sentencing guidelines.

5. The Government submits that it is essential—and more importantly, legally required—that it make diligent efforts and exhaust all reasonable means to ascertain victims' restitution amounts.

6. Providing this additional time will allow the Government to compile a

summary report and supporting evidence to justify victims' restitution amounts. Specifically, the Government is assisting the Probation Office in compiling a summary restitution spreadsheet which must be based on adequate supporting data. After victims have submitted their claims for restitution (many of whom have already done so), the Government must independently review each claim for accuracy and legal sufficiency. At times, this requires the Government and Probation Office to engage in follow-up communications with the victims as well as reviewing and collecting supplemental documentation in support of any claims. Although much work has already been completed, this task remains a daunting project. Oftentimes the victim documentation includes such things as receipts, invoices, bank statements and emails. Sometimes this material is voluminous and confusing. Reviewing and organizing such financial data takes time and sometimes requires a financial auditor's assistance.

7. After the Probation Office reviews the Government's submission and completes its independent report, the defendant is entitled to adequate time to review the restitution figures, raise any objections, and/or gather any evidence necessary to challenge such restitution amounts.

8. The Government submits that having additional time (not to exceed 90 days after sentencing) to prepare for a separate restitution hearing will benefit all parties and ensure that the Court can make an accurate and correct determination regarding restitution.

9. It is the parties' intent to reach a stipulation if possible on this issue to

obviate the need for a formal, contested restitution hearing. If such a stipulation can be reached, the parties can submit the restitution figures to the Court for its review and eventual approval.

10. The Government has conferred with counsel for defendant Jon Hallford (Laura Suelau) regarding this Motion, who does not object to this request.

WHEREFORE, the Government moves for a separate hearing for a final determination of restitution, to be scheduled within 90 days after Sentencing.

Respectfully submitted this 6th day of March, 2025.

        J. Bishop Grewell
        Acting United States Attorney

        By: *s/ Tim Neff*
        Tim Neff
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0405
        E-mail: Tim.Neff@usdoj.gov
        Attorney for the Government

        By: *s/ Craig G. Fansler*
        Craig G. Fansler
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0405
        E-mail: Craig.Fansler2@usdoj.gov
        Attorney for the Government

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of March, 2025, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION PURSUANT TO 18 U.S.C. § 3664(d)(5) REQUESTING A SEPARATE HEARING FOR DETERMINATION OF VICTIMS' RESTITUTION AMOUNTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

        By: *s/Ilmira Allazova*
           Legal Administrative Specialist
           United States Attorney's Office