# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00113-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JON M. HALLFORD,

    Defendant.

---

### GOVERNMENT'S UNOPPOSED MOTION FOR RECONSIDERATION OF COURT ORDER COTINUING SENTENCING DATE FOR JON M. HALLFORD

---

The Government respectfully moves this Court to reconsider its recently entered Order continuing the Sentencing Hearing for defendant Jon Hallford. This Motion is unopposed.

1. On March 6, 2025, the Court *sua sponte* changed the sentencing date for the Defendant from March 20, 2025, until June 27, 2025. [ECF #93, Minute Order]. The Court understandably issued its ruling in an effort to ensure "efficiency of the proceedings, including but not limited to minimizing the impact upon repeated testimony of potential victim witnesses at trial." *Id.* Neither party questions the Court's rationale for moving the sentencing date. However, the following reasons are offered as countervailing factors for the Court's evaluation in this Motion for Reconsideration.

1

2.      Co-defendant Carie Hallford's case is currently set for trial on April 14, 2025.   Pending before the Court is an Unopposed Motion for an Ends of Justice Continuance [#94] filed by co-defendant Carie Hallford, which if granted, would delay the start of the trial in her case for approximately 180 days.   The Government did not oppose Carie Hallford's Motion for such a delay for her trial date because the request appeared to be a reasonable in light of the time period necessary for the parties to litigate any pretrial motions and to provide for adequate time to effectively prepare for trial.

3.      In the event the Court grants such a delay in Carie Hallford's case, the present sentencing date of June 27th for Jon Hallford would not achieve the goal of minimizing the impact of victims potentially testifying twice.   Because the two co-defendants are on no longer on a parallel track, the likelihood of a small number of victims testifying more than once is an unfortunate but unavoidable circumstance.

4.      Here, Jon Hallford is set to be sentenced in state court on related charges on April 18, 2025.   Accordingly, some victims may necessarily need to speak more than once given that there is a separate but interconnected state case.

5. From the Government's perspective, the benefits of proceeding to the sentencing hearing on March 20th as previously scheduled outweigh the burden that might be placed on a small number of victims who may need to testify twice.   Here, approximately ten victims are presently intending to speak at the sentencing on March 20th.   The Government does not anticipate calling all of these specific victims at the

trial for Carie Hallford; therefore, the number of victims who potentially need to be called twice as victims in the federal case is anticipated to be minimal. In addition, the vast majority of the victims in this case have expressed a desire to government counsel over the last several months for the sentencing date to remain fixed on March 20th. Government counsel has explained to the victims that lengthy delays are sometimes necessary in cases of this nature. Nonetheless, the impacted victims are desirous of having the matter proceed to sentencing as expeditiously as possible – even if the sentencing is as to only one of the defendants. Victims have expressed that delays in a case of this nature are frustrating and demoralizing.

6. In addition, the parties agreed to a reciprocal term within the plea agreement[1] requiring both parties to attempt to have the Defendant sentenced first on the federal case before the related state case. As indicated, Jon Hallford is set to be sentenced in state court on April 18, 2025. The respective parties in state court scheduled the April

---

[1] The Defendant agreed in term no. 8 of the Plea Agreement [#52, p. 2] to the following:

> *Agree to request and/or not oppose efforts by the Government to have the sentencing hearing occur first within the present federal case before proceeding to any future sentencing hearing in the related state court case pending in U.S. v. Jon Hallford, Case No. 2023CR4849, El Paso County District Court, Colorado.*

Similarly, the Government agreed to the following term no. 5 in the Plea Agreement [#52, p. 3] the following:

> *Agree to request and/or not oppose efforts by the Defendant to have the sentencing hearing occur first within the present federal case before proceeding to any future sentencing hearing in the related state court case pending in U.S. v. Jon Hallford, Case No. 2023CR4849, El Paso County District Court, Colorado; and*

18th sentencing date on the assumption that a federal sentence would have already been imposed by such date. As a result, delaying sentencing on the federal case until June may have the collateral consequence of delaying the state sentencing date which is not desired by the state litigants. While this Court is certainly not bound by the parties' plea term seeking to have the Defendant sentenced first on federal charges before state ones, both parties are seeking such an occurrence here.

7. The parties have conferred on this issue and both sides are concerned that the order in which sentences are imposed between the respective federal and state courts may likely impact which sovereign has primary jurisdiction when it comes to the Defendant serving any prison time.

8. Government counsel has also conferred with defense counsel (Ms. Laura Suelau) regarding the present Motion and she does not oppose the request. Both parties remain ready to proceed to sentencing on the previously scheduled date of

//

//

//

//

March 20th should the Court grant the herein Motion for Reconsideration.

Respectfully submitted this 10th day of March, 2025.

J. Bishop Grewell
Acting United States Attorney

By:  *s/ Tim Neff*
Tim Neff
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Tim.Neff@usdoj.gov
Attorney for the Government

By: *s/ Craig G. Fansler*
Craig G. Fansler
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Craig.Fansler2@usdoj.gov
Attorney for the Government

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of March, 2025, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION FOR RECONSIDERATION OF COURT ORDER COTINUING SENTENCING DATE FOR JON M. HALLFORD** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

By: *s/Ilmira Allazova*
Legal Administrative Specialist
United States Attorney's Office